IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGELA J. WILLIAMS,                                        CV. 07-1250-PA
                                                                  ORDER
           Petitioner,

    v.

JACKSON COUNTY COURT,

           Respondent.

PANNER, District Judge.

    Petitioner has filed a habeas petition (#2) pursuant to 28 U.S.C. § 2254. Petitioner's application is deficient in several respects, as outlined below. If Petitioner wishes to proceed with this action, she must correct the deficiencies within 30 days of this order.

**I.  Application to proceed *in forma pauperis*.**

    Petitioner moves to proceed *in forma pauperis* (#1). However, Petitioner's application lacks the required certificate from an authorized officer of the institution certifying whether petitioner has any money on account. <u>See</u> Rule 3(a), 28 U.S.C. foll. § 2254. Accordingly, the application is DENIED.

    Petitioner may file an amended application curing the deficiency within thirty days of the date of this order. The amended application

1 - ORDER

must bear the Civil No. 07-1250-PA.  Petitioner is advised that failure to file an amended application will result in the dismissal of this proceeding for lack of prosecution.

**II.  Jurisdictional Defects.**

Petitioner has named the Jackson County Court as the respondent to this action, but she is required to name the state officer who has custody over her.  See Rule 2(a), 28 U.S.C. foll. § 2254.  For an applicant who is incarcerated, the proper respondent is the warden of the facility where the person is incarcerated.  Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  For an applicant on post-prison supervision, the proper respondents are the state officer responsible for supervising the applicant, and the official in charge of the post-prison supervision agency.  See Rule 2(a), 28 U.S.C. foll. § 2254. Petitioner has not named the appropriate respondents in her petition, and her failure to do so deprives the court of personal jurisdiction.  Id.; Stanley, 21 F.3d at 360.

Furthermore, Petitioner states in her Petition she was successful in her efforts to terminate her post-prison supervision.  Federal habeas corpus law permits prisoners to challenge the validity of convictions under which they are "in custody."  Garlotte v. Fordice, 515 U.S. 39, 43-44 (1995); Feldman v. Perrill, 902 F.2d 1445, 1446 (9th Cir. 1990); Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994). The custody requirement must be satisfied at the time the petition is filed.  Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Feldman, 902 F.2d at 1448.  Based on petitioner's statement that she is no longer

subject to post-prison supervision, she may not meet the habeas corpus custody requirement.

Should Petitioner wish to continue with this action, she must file an amended petition naming the proper respondent, and describing why she meets the habeas corpus custody requirement. The amended petition must bear the Civil No. 07-1250-PA. Petitioner is advised that failure to file an amended petition within 30 days will result in the dismissal of this case for lack of jurisdiction.

## CONCLUSION

The Clerk of the Court is directed to forward to petitioner a form application to proceed *in forma pauperis* with this order. Should Petitioner choose to proceed with this action, she must: (1) file an amended application to proceed *in forma pauperis;* (2) file an amended habeas corpus petition naming the proper respondent; and (3) show cause why this case should not be dismissed on the basis that she is no longer in custody. Petitioner's failure to do so within 30 days will result in the dismissal of this case.

IT IS SO ORDERED.

DATED this 30th day of August, 2007.

                                      __/s/_____
                                      Owen M. Panner
                                      United States District Judge